# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Len Davis and Becky Davis,<br><br>  Plaintiffs,<br><br>v.<br><br>Air & Liquid Systems Corporation, et al.,<br><br>  Defendants. | No. CV-14-02288-TUC-CKJ (LCK)<br><br>**REPORT<br>AND RECOMMENDATION** |

Pending before the Court are Defendant Crane Co.'s Motion for Summary Judgment with accompanying statement of facts (Docs. 415-16) and Defendant Warren Pumps, LLC's Motion for Summary Judgment with accompanying statement of facts (Docs. 421-22). Plaintiffs responded to the motions and statements of fact. (Docs. 431-34.) Defendants replied. (Docs. 445, 446.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Kimmins for a report and recommendation. The referral judge heard oral argument on September 28, 2017, after which she took the matter under advisement. (Doc. 453.) The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order granting both Defendants' motions for summary judgment.

## **BACKGROUND FACTS**

Bobby Davis (Davis) died on December 1, 2014. Plaintiff Becky Davis, on behalf of herself and Davis's other surviving beneficiaries, filed an Amended Complaint alleging the wrongful death of Davis due to asbestos-related injuries. (Doc. 189.)

Davis enlisted in the Navy in 1969. (Doc. 433, Ex. A.) The USS *Wilson* was commissioned by the Navy in 1960, and it underwent an overhaul prior to 1969. (Doc. 432 at 8, SOF 12 & Pls.' Resp.) Davis boarded the USS *Wilson* in August 1969 and served onboard until May 1973. (Doc. 433, Ex. A.) He worked as a Fireman and Boilerman, in one or both of the firerooms on the USS *Wilson*. (*Id.*; Doc. 433, Ex. B at 12; Ex. C at 13.)

Davis alleges Defendants Crane Co. and Warren Pumps supplied the Navy with asbestos-containing products to which Davis was exposed on the USS *Wilson*. (Doc. 189.) Crane Co. manufactured metal valves that could be used with asbestos or non-asbestos packing and gaskets. (Doc. 416, Ex. G ¶¶ 3, 4, 6; Ex. H ¶¶ 3-6.) Some valves sold by Crane Co. contained asbestos components (gaskets, packing, discs); however, Crane Co. did not manufacture any asbestos-containing components, they were manufactured by other companies. (Doc. 433, Ex. D at 6-7, Answer to Interrog. No. 14.) Crane Co. also sold as individual parts asbestos-containing gaskets, packing, and discs manufactured by other companies. (*Id.* at 9, Answer to Interrog. No. 14.) Crane Co. published a Master Parts Book for certain valves (relief valves, back pressure valves, spring loaded valves, combination feed stop & stop check valves, and strainers), to allow the Navy to identify and order replacement parts, including asbestos packing and gaskets. (Doc. 433, Ex. F.) Based on a review of Crane Co. drawings, Captain Arnold P. Moore (Ret.) determined that Crane Co. valves were installed on the USS *Wilson*, including gate valves using braided asbestos packing. (Doc. 433, Ex. C at 14.)

Warren Pumps manufactured and sold pumps some of which included asbestos-containing components, such as gaskets and packing (Doc. 431, Ex. I at 19); however, Warren Pumps did not manufacture any asbestos components, they were manufactured by other companies (Doc. 422, Ex. G at 2; Doc. 431, Ex. H at 14, Answer to Interrog. No. 16). At times, Warren Pumps may have supplied spare asbestos gaskets or packing with a new pump. (Doc. 431, Ex. I at 11-12.) Warren Pumps also sold replacement asbestos gaskets and packing. (*Id.* at 13-14.) Warren Pumps supplied two fire pumps for the USS

*Wilson*, one for each fireroom, and a bilge pump for fireroom number 1. (Doc. 432 at 5, SOF 8 & Pls.' Resp.) Captain Moore stated that asbestos was part of packing and numerous gaskets in the Warren Pumps fire pumps. (Doc. 431, Ex. D at 4.) At the time Davis served on the USS *Wilson*, no originally-installed packing or gaskets associated with pumps would have remained because it would have been replaced during regular maintenance or an overhaul. (Doc. 432 at 9, SOF 13 & Pls.' Resp.;[1] Doc. 422, Ex. G at 2.) Warren Pumps' records, which have some time gaps, do not reflect the sale of any repair or aftermarket parts for installation on the USS *Wilson*. (Doc. 422, Ex. J at 26-27.)

Ricky Leroy Simmons served on the USS *Wilson* as a Boilerman from December 1968 to December 1972. (Doc. 433, Ex. B at 10.) Simmons and Davis worked on all the equipment in the fireroom except a few items for which they were not qualified. (*Id.* at 15-16.) Simmons testified that Davis removed and replaced packing "all the time" and replaced gaskets. (*Id.* at 23, 29.) Simmons testified that on the USS *Wilson* they generally used original equipment manufacturer (OEM) products, such as gaskets, when performing repair work. (*Id.* at 16-18.) Simmons did not know the source from which the Navy obtained replacement parts. (*Id.* at 232-33.) Robert Akins served on the USS *Wilson* in Fireroom number 1, from January 1969 to August 1972. (Doc. 431, Ex. C at 11-12.) Akins testified that he replaced packing and gaskets on pumps and valves, and more likely than not Davis was present when he did repair work. (*Id.* at 14-20, 26, 27.) Akins did not recall the brand name of any equipment on the USS *Wilson*. (*Id.* at 21.)

According to Captain Moore, Davis would have repaired, assisted repairs, or been present for the repair of most machinery in the fire room. (Doc. 431, Ex. D at 4.) Further,

---

[1] In its statement of facts, Defendant Warren Pumps stated: "Any gaskets and packing originally installed in pumps . . . aboard the *USS Henry B. Wilson* would have been removed and replaced during overhauls or regular maintenance that occurred before Mr. Davis boarded." (Doc. 432 at 9, SOF 13.) In response, Plaintiffs made two contradictory statements: "Disputed but immaterial. Undisputed but immaterial." In response to all other statements of fact by Defendant Warren Pumps, Plaintiffs responded "disputed," "undisputed," or "undisputed but immaterial"; in no other response did Plaintiffs state "disputed but immaterial." (Doc. 432 at 2-9; Doc. 434 at 2-6.) The Court concludes Plaintiffs meant undisputed because that conforms with their other responses to Defendants' fact statements. Additionally, Plaintiffs' response included no controverting evidence. (Doc. 432 at 9, SOF 13, Pls.' Resp.)

- 3 -

it is likely Davis "repaired, assisted in the repair or cleaned up after the repair of . . . many pumps and valves. . . . These repairs would have included the removal and replacement of packing and gaskets in this machinery . . . ." (*Id.* at 5.) Dr. Richard L. Kradin stated that, on the USS *Wilson*, Davis "worked with and around" asbestos-containing products from 35 companies, including Crane Co. and Warren Pumps. (Doc. 433, Ex. V at 18-19.) Dr. Kradin concluded that Davis died from diffuse malignant mesothelioma "caused by his cumulative exposures to asbestos." (*Id.* at 19.)

## **DISCUSSION**

Defendants Crane Co. and Warren Pumps argue that they are entitled to summary judgment because there is not sufficient evidence that Davis was exposed to any asbestos-containing products made, sold, or placed into commerce by these Defendants. The Court concludes, and the parties agreed at oral argument, that the issue of causation is dispositive; therefore, it does not reach the remaining issues raised in the motions and responses, such as Defendants' knowledge of the danger of asbestos, Defendants' duty and/or failure to warn, and punitive damages.

### **SUMMARY JUDGMENT STANDARD**

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1289 (9th Cir. 1987). Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**PRODUCT LIABILITY LAW**

In their written briefs, the parties were not in clear agreement regarding whether maritime law or Arizona law govern this case. At oral argument, counsel agreed that there is no substantive difference on the issue of causation; therefore, the Court need not conduct a choice of law analysis. Both Arizona and maritime law follow the Restatement (Second) of Torts §§ 431, 433, 435, which requires Plaintiffs to show that a company's product was a substantial factor in bringing about the injury Davis suffered. *See Thompson v. Better-Bilt Aluminum Products Co., Inc.*, 832 P.2d 203, 207, 171 Ariz. 550, 554 (1992) (under Arizona law, to prove that damage is legally caused by a tort, the tort must be "a substantial factor in bringing about the harm."); *Barrett v. Harris*, 86 P.3d 954, 961, 207 Ariz. 374, 381 (Ct. App. 2004) (concluding Arizona applies the substantial factor test); *Lindstrom v. A-C Prod. Liab. Tr.*, 424 F.3d 488, 492 (6th Cir. 2005) (applying the substantial factor test under maritime law). The mere presence of a company's asbestos-containing product on a worksite does not create liability on behalf of the company. *Lindstrom*, 424 F.3d at 492; *Benshoof v. Nat'l Gypsum Co.*, 761 F. Supp. 677, 680 (D. Ariz. 1991).

**ANALYSIS**

**Crane Company**

Considering all of the evidence in Plaintiffs' favor, there is insufficient evidence that Crane Co. products were a substantial factor in causing Davis's injury. Plaintiffs present evidence from Captain Arnold P. Moore, who reviewed Crane Co. drawings that indicate Crane Co. valves were installed on the USS *Wilson*, including gate valves using braided asbestos packing. (Doc. 433, Ex. C at 14.) However, Captain Moore provided no evidence as to where any Crane Co. valves were installed on the USS *Wilson* or that Davis came into contact with any Crane Co. valves while he was onboard the ship. Captain Moore's speculative testimony, including that Davis "likely" repaired many valves, including removal of packing and gaskets (Doc. 431, Ex. D at 4-5) is insufficient. *See MacQueen v. Warren Pumps LLC*, 246 F. Supp.3d 1004, 1016-17 (D. Del. 2017)

(expert testimony, standing alone, insufficient to establish factual basis of product exposure) (citing *Olivar v. Buffalo Pumps, Inc.*, MDL 875, Civil Action No. 09-62577 (E.D. Pa. Mar. 29, 2011)); *Conroy v. A.W. Chesterton Co.*, MDL 875, Civil Action No. 2:11-67277-ER, 2012 WL 5458119, at *1 n.1 (E.D. Pa. Oct. 25, 2012) (finding Moore's testimony "impermissibly speculative" because no one had personal knowledge that plaintiff was exposed to packing and gaskets supplied by defendant).

Next, Ricky Leroy Simmons testified, early in his deposition, that they used a butterfly valve from Crane Co. with gaskets and packing on the USS *Wilson*. (Doc. 433, Ex. B at 46-47.) Simmons stated that Davis performed work on the Crane Co. butterfly valves and removed gaskets and packing many times. (*Id.*) However, later in his deposition, Simmons stated that the only Crane Co. valve he could recall on the ship was the main steam stop, which Davis was not qualified to work on because of its size. (*Id.* at 207-08.) Simmons further contradicted himself by stating that he never saw Davis work on a Crane Co. valve, nor did he see anyone work on a Crane Co. valve around Davis. (*Id.* at 206-07.) Akins did not identify any Crane products.

Construing Simmons's contradictory testimony as establishing that Davis worked on Crane Co. butterfly valves, his testimony is not enough to avoid summary judgment.[2] First, there is no evidence that the gaskets and packing in the butterfly valves were original components to the ten-year old valves. Further, there is no evidence that the

---

[2] The parties have not cited, and the Court is not aware of, any controlling authority on point regarding the impact a non-party witness's contradictory statements have on a motion for summary judgment. The Court finds inapposite the cases cited by Defendants that address inconsistent statements by a party as opposed to a witness. *See UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. Of U.S. and Canada, AFL_CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1473 (9th Cir. 1995); *Reeves v. Miami-Dade*, No. 11-21709-CV, 2012 WL 12267854, at *7 (S.D. Fl. Jul. 30, 2012). Factually similar is the case of *Davis v. Foster Wheeler Energy Corp.*, 205 Cal. App. 4th 731, 735 (2012), an asbestos exposure case. In *Davis*, a coworker testified in deposition that defendant's contractors removed insulation from the boilers in Davis's workplace. Subsequently, the coworker stated that he did not know if the defendant's contractors removed or installed insulation on the boilers. *Id.* The California appellate court found that these internally contradictory statements did not create a triable issue of fact. *Id.* at 736. The Court does not resolve the legal question of how to treat Simmons's contradictory testimony because, even when construed in Plaintiffs' favor, it is not material to the outcome of this case.

- 6 -

butterfly valves identified by Simmons ever contained asbestos gaskets or packing. *See Pace v. Air & Liquid Systems Corp.*, 642 F. App'x 244, 249 (4th Cir. 2016) (finding under South Carolina law that plaintiff had not established Crane Co. was a substantial cause of injury because no evidence that Crane Co. products to which Pace was exposed contained asbestos); *Campbell v. A.W. Chesterton Co.*, MDL 875, No. 2:11-66745-ER, 2012 WL 5392873, at *1 & n.1 (E.D. Pa Oct. 16, 2012) (finding Crane Co. not a substantial factor because no evidence of exposure to Crane-supplied original asbestos components or Crane-supplied replacement asbestos parts); *Wright v. A.W. Chesterton Co.*, MDL 875, No. 2:11-cv-66748-ER, 2012 WL 2834395, at *1 n.1 (E.D. Pa. Apr. 5, 2012) (MDL court finding substantial factor test not met because there was no evidence the original packing in Crane Co. valves contained asbestos).

Second, Crane Co., at times, may have provided spare asbestos-containing parts or sold replacement parts to customers, including the Navy. But, no one with personal knowledge provided evidence from which a jury could infer that Crane Co. supplied spare or replacement parts to which Davis was exposed on the USS *Wilson*. Plaintiffs rely upon Simmons's testimony that they generally used original equipment manufacturer (OEM) products when performing repair work. (Doc. 433, Ex. B at 16-18.) However, because Crane Co. did not manufacture asbestos-containing gaskets or packing, Simmons's testimony does not link replacement parts as coming from Crane Co. It is at least as likely that replacement parts would have been obtained from the component manufacturers. Additionally, Simmons was not involved in purchasing and provided no testimony specific to the origin of replacement parts for Crane Co. butterfly valves.

In sum, there is insufficient evidence from which a jury could infer that Davis was exposed on the USS *Wilson* to asbestos-containing components (original or replacement parts) supplied by Crane Co. Therefore, Crane Co. was not a substantial factor in bringing about Davis's harm. *See Connor v. Alfa Laval, Inc.*, 842 F. Supp.2d 791, 901 (E.D. Pa. 2012) (holding in asbestos products liability MDL case that "manufacturer is

not liable for harm caused by . . . asbestos products that the manufacturer did not manufacture or distribute.")

**Warren Pumps, LLC**

Considering all of the evidence in Plaintiffs' favor, there is insufficient evidence that Warren Pumps' products were a substantial factor in causing Davis's injury. It is uncontested that Warren Pumps supplied two fire pumps and one bilge pump to the USS *Wilson* firerooms. Mere presence of these pumps, however, is insufficient to establish causation. *Lindstrom*, 424 F.3d at 492; *Benshoof*, 761 F. Supp. at 680. There is no testimony that Davis or anyone else worked on either fire pump when Davis was present; therefore, Plaintiffs have not established these pumps were a substantial factor in causing Davis's injury. Captain Moore's testimony that Davis "would have" been present for, or assisted in the repair of "most" machinery in the fire room is insufficient; as is his testimony that Davis "likely" repaired many pumps and valves, including removal of packing and gaskets (Doc. 431, Ex. D at 4, 5). *See MacQueen*, 246 F. Supp.3d at 1016-17 (expert testimony, standing alone, insufficient to establish factual basis of product exposure); *Conroy*, 2012 WL 5458119, at *1 n.1 (finding Moore's testimony "impermissibly speculative" because no one with personal knowledge that plaintiff was exposed to packing and gaskets supplied by defendant).

Next, Simmons testified early in his deposition that he saw Davis work on pumps involving gaskets and packing multiple times, "on just about every piece of equipment we had," and "he was real good at taking care of our bilge pump." (Doc. 431, Ex. B at 30-32.) Additionally, Simmons stated that Davis, more than once, did gasket and packing work on the bilge pump. (*Id.* at 43-44.) However, Simmons subsequently testified that he never saw Davis work on the bilge pump and never saw anyone else work on it in his presence. (*Id.* at 201-02.) Akins did not identify any Warren Pumps products.

Even construing Simmons's contradictory testimony as establishing that Davis worked on the bilge pump manufactured by Warren Pumps, his testimony is not enough to avoid summary judgment. *See supra* note 2. First, there is no evidence that the gaskets

and packing in the bilge pump were original components to the ten-year old pumps. Rather, it is undisputed that no packing or gaskets original to any pumps were in the fire room of the USS *Wilson* at the time Davis was onboard.[3]

Second, Warren Pumps, at times, may have provided customers spare asbestos-containing parts or sold replacement parts. But, no one with personal knowledge provided evidence from which a jury could infer that Warren Pumps supplied spare or replacement parts to which Davis was exposed on the USS *Wilson*. Plaintiffs rely upon Simmons's testimony that, on the USS *Wilson*, they generally used original equipment manufacturer (OEM) products when performing repair work. (Doc. 431, Ex. B at 16-18.) However, because Warren Pumps did not manufacture asbestos-containing gaskets or packing, Simmons's testimony does not link replacement parts as coming from Warren Pumps. It is at least as likely that replacement parts would have been obtained from the component manufacturer. Additionally, Simmons was not involved in purchasing and provided no testimony specific to replacement parts for Warren Pumps products. In the opinion of RADM David P. Sargent, Jr. USN (Ret.), replacement gaskets and packing would typically have been procured by the Navy directly from the gasket or packing manufacturer not from Warren Pumps.[4] (Doc. 422, Ex. F at 36-37.)

In sum, there is insufficient evidence from which a jury could infer that Davis was exposed on the USS *Wilson* to asbestos-containing components (original or replacement parts) supplied by Warren Pumps. Therefore, Warren Pumps was not a substantial factor in bringing about Davis's harm. *See Connor v. Alfa Laval, Inc.*, 842 F. Supp.2d 791, 901 (E.D. Pa. 2012) (holding in asbestos products liability MDL case that "manufacturer is

---

[3] At oral argument, Plaintiffs' counsel stated that it was possible original parts were still on the USS *Wilson* when Davis served, that we "do not know." As discussed above in the Background Facts, Plaintiffs conceded this point in responding to Warren Pumps' Motion for Summary Judgment. *See supra* pp. 2-3 and note 1. Further, Plaintiffs cited no controverting evidence that original gaskets and packing were onboard in 1969.

[4] Plaintiffs disputed the admissibility of this evidence; however, they provided no basis for their objection. (Doc. 432 at 9, SOF 14, Pls.' Resp.)

not liable for harm caused by . . . asbestos products that the manufacturer did not manufacture or distribute.")

**CONCLUSION and RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court **GRANT** Defendant Crane Co.'s Motion for Summary Judgment (Doc. 415) and Defendant Warren Pumps, LLC's Motion for Summary Judgment (Doc. 421).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 9th day of November, 2017.

_____
Honorable Lynette C. Kimmins
United States Magistrate Judge